### LLOYD vs. PATTERSON & AL.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The plaintiff complained, that the defendants wrongfully sued out writs of sequestration and attachment, against R. & T. H. Hasluck, un-

The master of a vessel has no claim to damages for the wrongfully suing out an attachment&levying it on tobacco shipped on obard; which

East'n District. der which the sheriff seized and attached on
*June,* 1823.   board the plaintiff's vessel, (the Ajax) then

LLOYD   bound for Liverpool, a quantity of tobacco
*vs.*
PATTERSON & which was shipped on board of said vessel,
AL.
whereby she was detained a considerable
is not taken out
and remains in time, to the great expense and injury of the
his care, on his
promising the plaintiff, who thereby lost a quantity of freight,
sheriff to keep
it. which he would otherwise have obtained.

    The defendant pleaded several, and various
pleas.

    The district court was of opinion that "the
plaintiff has no cause of action ; that he was no
party to the attachment, and cannot be per-
mitted to say it was wrongfully sued out ; that
he had a lien upon the tobacco attached, for
one half of the freight, which he could have hol-
den to, and as he permitted the tobacco to go
out of his possession, he cannot look to the
attaching creditor, with whom he has no
*privity of contract*—that the only damage or
penalty which the plaintiff could have claimed
from the freighter, in case he had taken out
the tobacco, was one half of the freight ; that
the circumstance of its being taken out by the
sheriff, under a legal process, gives the plaintiff
no right to look to the defendants.

    The plaintiff appealed.

East'n District.
*June*, 1823.

LLOYD
*vs.*
PATTERSON &
AL.

It does not appear from the evidence that the tobacco was taken out of the vessel; indeed it appears it was not. The master consented to remain the guardian of it.

We think with the district judge that no liability results from the defendants having *wrongfully* sued out process of attachment on the tobacco, on board of the plaintiff's vessel. If the process was legally sued out, (and this is not denied) the owners of the tobacco may complain of its having been done *without a just cause*, and the defendants no doubt gave bond for the indemnification of the owners, in case of the suit being wrongfully instituted.

The master might have landed the tobacco and demanded one half of the freight, and for this he had a lien, which, it is probable, would not have been violated. He chose another alternative, viz: to become the keeper of the tobacco for the sheriff. This may give an action resulting from the contract; but none results from the suing out and executing the process of attachment; for that, whether done on just, or unjust ground, wrought no injury to the plaintiff.

For these reasons, it is ordered, adjudged

East'n District.
*June*, 1823.

LLOYD
*vs.*
PATTERSON &
AL.

and decreed, that the judgment of the district court be affirmed with costs.

*Hennen* for the plaintiff, *J. W. Smith* for defendants.